UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| THOMAS E. REDDICK )<br>)<br>    *Petitioner*, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE )<br>)<br>    *Respondent*. ) | No. 3:06-cv-289<br>*Jordan* |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Judgment Order upon the Attorney General for The State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner Thomas E. Reddick ("Reddick") pleaded guilty, in the Criminal Court for Knox County, Tennessee, to second degree murder. By judgment entered May 6, 2002, he was sentenced to a term of imprisonment of 28 years. Reddick did not appeal his conviction or sentence. On September 27, 2002, Reddick mailed a petition for post-conviction relief to the trial court. The trial court dismissed the petition for failure to state a claim for relief, and the Tennessee Court of Criminal Appeals dismissed the appeal from that decision as

untimely. *Reddick v. State*, No. E2003-00578-CCA-R3-PC, 2004 WL 572347 (Tenn. Crim. App. March 23, 2004), *perm. app. denied, id.* (Tenn. September 7, 2004).

According to Reddick, on April 15, 2005, he filed a state petition for habeas corpus relief in the Criminal Court for Morgan County, Tennessee; the petition was denied on October 11, 2005, and he did not appeal that denial. Reddick filed the pending federal habeas corpus petition on July 15, 2006.[1]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Reddick did not file a direct appeal, his conviction became final on June 5, 2002, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646 (Tenn. 2003). Reddick's state petition for post-conviction relief tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed

---

[1]The petition was received by the Clerk's Office on July 17, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on July 15, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing

2

on September 27, 2002, at which time 114 days of the one-year statute of limitation had elapsed, leaving only 251 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied the post-conviction appeal as untimely on September 7, 2004, and Reddick had ninety days from that date to seek a writ of certiorari to the United States Supreme Court. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). Thus, on December 6, 2004, the statute of limitation commenced to run again, and Reddick had 251 days remaining, or until August 14, 2005, to seek federal habeas corpus relief.

Reddick claims to have filed a state habeas corpus petition on April 15, 2005. As grounds for relief in his federal habeas corpus petition, petitioner alleges ineffective assistance of counsel and an involuntary guilty plea. Those allegations would not have been proper grounds for relief in a state habeas corpus petition. *See, e.g., Edwards v. State*, No. E2004-00918-CCA-R3-HC, 2004 WL 2951975 (Tenn. Crim. App. December 20, 2004), *perm. app. denied, id.* (Tenn. March 21, 2005).

> The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence.

3

*Id.*, 2004 WL 2951975 at *1 (citations omitted). Thus, petitioner's state habeas corpus petition, whenever filed, would not have tolled the running of the statute of limitation.

Nevertheless, even assuming the state habeas corpus petition tolled the statute of limitation, at the time Reddick filed the state petition on April 15, 2005, an additional 130 days had elapsed, leaving only 121 days remaining to file a federal petition for the writ of habeas corpus. According to Reddick, the state habeas petition was denied on October 11, 2005. Reddick thus had 30 days, or until November 10, 2005, to appeal the denial of his state petition and the statute of limitation commenced to run again on that date. Thus, Reddick would have had until March 11, 2006, to file his federal habeas corpus petition. As noted earlier, the federal petition was not filed until July 15, 2006.

Reddick acknowledges that his habeas corpus petition was not timely filed, but claims it should be allowed under the doctrine of equitable tolling. The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008.

Reddick has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Reddick claims he did not understand how the calculation of the AEDPA's statute of limitation worked in relation to his state appeal; he also claims he lacks knowledge in this regard and has had to rely on prison legal clerks. Reddick's lack of knowledge of the statute of limitation will not serve to equitably toll the statute of limitation. *See, e.g., Harrison v. I.M.S.*, 56 Fed. Appx. 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 Fed. Appx. 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). Under the circumstances, the court finds that Reddick is not entitled to equitable tolling.

Reddick's petition for the writ of habeas corpus is barred by the statute of limitation, and he is not entitled to relief under the doctrine of equitable tolling. Since it plainly appears from the face of the petition that Reddick is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States

District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Reddick leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge